1   **WO**                                                                      LMH

2

3

4

5

6                   IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Dustan L. Holck,                     )    No. CV 05-3667-PHX-MHM (BPV)
                                         )
10              Plaintiff,               )    **ORDER**
                                         )
11  vs.                                  )
                                         )
12                                       )
    Maricopa County Sheriff's Office, et al., )
13                                       )
                Defendants.              )
14                                       )
                                         )
15  _____    )

16          This is one of more than one thousand civil rights actions filed since September 2004

17  by Maricopa County Jail inmates.[1]  Plaintiff is an inmate at the Lower Buckeye Jail in

18  Phoenix, Arizona, though his action concerns the Durango Jail.  The Court will require

19  Defendant Sheriff Arpaio to answer Counts I and II of the Complaint.

20  **A.      Application to Proceed *In Forma Pauperis* & Filing Fee**

21          Plaintiff's request to proceed *in forma pauperis* will be granted.  Pursuant to 28 U.S.C.

22  § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action.

23  No initial partial filing fee will be assessed by this Order.  28 U.S.C. § 1915(b)(1).  By

24  _____

25          [1]Many inmates apparently believe that they will receive an immediate payout from a
26  fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.).  No such fund
    exists.  The inmates in Hart asked for injunctive relief and not monetary damages.  The Court
27  at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of
    damages.

**TERMPSREF** 28

1    separate order, the Court will direct the appropriate agency to collect the initial partial filing

2    fee from Plaintiff's trust account and forward it to the Clerk of Court.  Thereafter, Plaintiff

3    will be obligated for monthly payments of 20 percent of the preceding month's income

4    credited to Plaintiff's trust account.  These payments will be forwarded by the appropriate

5    agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00,

6    until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

7           Plaintiff should take notice that if he is released before the filing fee is paid in full, he

8    must pay the remaining unpaid amount of the filing fee within 120 days of the date of his

9    release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of

10   his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why

11   he is unable to pay the remainder of the filing fee.

12   **B.    <u>Statutory Screening of Prisoner Complaints</u>**

13          The Court is required to screen complaints brought by prisoners seeking relief against

14   a governmental entity or officer or employee of a governmental entity.   28 U.S.C.

15   § 1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised

16   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

17   may be granted, or that seek monetary relief from a defendant who is immune from such

18   relief.  28 U.S.C. § 1915A(b)(1), (2).

19   **C.    <u>Complaint</u>**

20          At the outset, Plaintiff names the Maricopa County Sheriff's Office, which is not a

21   proper Defendant.  In Arizona, the responsibility of operating jails and caring for prisoners

22   is placed by law upon the sheriff.  <u>See</u> A.R.S. § 11-441(A)(5); A.R.S. § 31-101. A sheriff's

23   office is simply an administrative creation of the county sheriff to allow him to carry out his

24   statutory duties, and not a "person" amenable to suit pursuant to § 1983.  Accordingly, the

25   Maricopa County Sheriff's Office is not subject to suit and will be dismissed with prejudice.

26          The remaining Defendant is Sheriff Joseph Arpaio, who is sued in his official and

27   individual capacities.  Plaintiff alleges that he "oversees the Maricopa County Jail system."

28   (Compl. at 2.)  Counts I and II concern unsanitary and overcrowded conditions at the jail.

1  These allegations adequately state a claim, and the Court will require Defendant Arpaio to

2  answer Counts I and II of the Complaint.

3      Defendant Arpaio, however, will not be required to answer Count III.  To state a valid

4  constitutional claim, a plaintiff must allege that he suffered specific injury as a result of the

5  specific conduct of a defendant, and show an affirmative link between the injury and the

6  conduct of the defendant.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72, 377 (1976).  In Count III,

7  Plaintiff alleges that unidentified detention officers retaliated against him and other inmates

8  for complaining about conditions by threatening them with the loss of privileges.  This claim

9  is in no way connected to Defendant Arpaio, and it is not a reasonable inference from the

10  allegations in the Complaint that in Arpaio's role of overseeing the jails, he has a policy of

11  allowing this type of retaliation.  Consequently, the Court will dismiss this claim without

12  prejudice.

13  **D.   <u>Rule 41 Cautionary Notice</u>**

14      Plaintiff should take notice that if he fails to timely comply with every provision of

15  this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule

16  41(b) of the Federal Rules of Civil Procedure.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-

17  61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the

18  Court), <u>cert. denied</u>, 506 U.S. 915 (1992).

19  **IT IS THEREFORE ORDERED that:**

20      (1)  Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28

21  U.S.C. § 1915(a)(1).

22      (2)  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.  No

23  initial partial filing fee is assessed.  All fees shall be collected and paid in accordance with

24  this Court's Order to the appropriate government agency filed concurrently herewith.

25      (3)  Count III is dismissed without prejudice.  The Maricopa County Sheriff's Office

26  is dismissed with prejudice.  The Clerk of Court shall send Plaintiff a service packet

27  including the Complaint, this Order, and both summons and request for waiver forms for

28  Defendant Arpaio.

(4) Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on each Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(6) The United States Marshal shall retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(7) The United States Marshal shall notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendant shall include a copy of this Order.  The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received.  If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

(a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

(b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant.  The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendant shall answer Counts I and II of the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

(11) Plaintiff shall serve upon Defendant, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendant or counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

(12) At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

(13) A clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff.

1    (14)  This matter is referred to Magistrate Judge Bernardo P. Velasco under Local

2    Rules of Civil Procedure 72.1 and 72.2 for further proceedings.

3    DATED this 28th day of April, 2006.

Mary H. Murgula
United States District Judge